UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. TUCKER,

      Plaintiff,                         CIVIL ACTION NO. 09-CV-12757

vs.

                                    DISTRICT JUDGE DAVID M. LAWSON

SUSAN McCAULEY,           MAGISTRATE JUDGE MONA K. MAJZOUB
N. SOUDER, and JUDY
DAVIS,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Defendants' Motion to Revoke *in forma pauperis* Status Under § 1915(g) filed on January 20, 2010 (docket no. 28) should be **GRANTED**.

In light of the above recommendation, Defendants McCauley and Davis's Motion for Summary Judgment (docket no. 14), Defendant Souder's Motion for Summary Judgment (docket no. 24), and Plaintiff's Motion for Summary Judgment (docket no. 25) should be denied as moot without prejudice to the motions being reconsidered should the above recommendation not be adopted.

**II.**    **REPORT**:

    **A.**    **Factual Background and Claims**

Plaintiff, a Michigan state prisoner currently confined at Oaks Correctional Facility in Manistee, Michigan, filed this *pro se* civil rights action asserting claims under the Eighth Amendment, the Americans with Disabilities Act, the First Amendment, and the Equal Protection

1

Clause. Defendants are Saginaw Correctional Facility Health Unit Manager Susan McCauley, and St. Louis Correctional Facility registered nurses Judy Davis and Natalie Souder. The Court granted Plaintiff *in forma pauperis* status on July 29, 2009. (Docket no. 3). On January 20, 2010, Defendants filed the instant Motion to Revoke Plaintiff's *in forma pauperis* Status under the three strikes rule of the Prison Litigation Reform Act. (Docket no. 28). Plaintiff filed a response to the motion. (Docket no. 29). This case has been referred to the undersigned for general case management. (Docket no. 12). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**B.  Standard**

Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**C.  Analysis**

Defendants assert that Plaintiff is barred from proceeding *in forma pauperis* because he has filed at least three lawsuits that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. A search of the federal records shows that Plaintiff is a "prolific litigator in federal court" who has filed "more than 50 cases in the U.S. District Courts for the Eastern and Western Districts of Michigan." *Tucker v. Shaheen*, No. 09-12942, 2009 WL 3199688, at *2 (E.D. Mich. Sept. 30, 2009). More than three of Plaintiff's

2

previous lawsuits have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Tucker v. Chapin,* No. 4:94-cv-100 (W.D. Mich. June 30, 1994); *Tucker v. Kinney,* No. 4:94-cv-101 (W.D. Mich. June 30, 1994); *Tucker v. Hembree,* No. 4:94-cv-105 (W.D. Mich. July 15, 1994); *Percival v. Williams,* No. 1:00-cv-849 (W.D. Mich. Nov. 29, 2000).

In addition, Plaintiff has filed several lawsuits in which he has been denied leave to proceed *in forma pauperis* because he was barred by the three strikes rule of 28 U.S.C. § 1915(g). *See Tucker v. Smith*, No. 06-cv-94, 2006 WL 1155479 (W.D. Mich. Apr. 26, 2006); *Tucker v. Bergh*, No. 06-cv-73, 2006 WL 1008985 (W.D. Mich. Apr. 14, 2006), *Tucker v. Buskirk*, No. 09-cv-13245, 2009 WL 2777798 (E.D. Mich. Aug. 28, 2009).

Consequently, Plaintiff is precluded from proceeding *in forma pauperis* absent a showing that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To establish that his complaint falls within the statutory exception to the three strikes rule, Plaintiff must have alleged that he was under imminent danger at the time his complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). Allegations of past physical injury or harm are insufficient to meet the statutory exception of imminent danger. *Peoples v. Gilbert*, No. 01CV72895DT, 2001 WL 1219070, at *2 (E.D. Mich. Sept. 14, 2001). The imminent danger exception is available only "for genuine emergencies" where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *see also Welch v. Selsky*, No. 9:06-cv-00812, 2008 WL 238553, at *5 (N.D. N.Y. Jan. 28, 2008) ("The imminent danger an inmate faces . . . must be real, and not merely speculative or hypothetical.").

As he has done in previous lawsuits, Plaintiff included in his complaint a section entitled

"Plaintiff Alleges That He Is Under Imminent Danger Of Serious Physical Injury." (Docket no. 1, at 13). *See Tucker v. Shaheen*, No. 09-12942, 2009 WL 3199688, at *2 (E.D. Mich. Sept. 30, 2009) (observing that courts have recognized that Plaintiff Tucker's claims of imminent danger appear to have been included in his complaints solely to avoid application of the three strikes rule).

Plaintiff avers that prison staff have assaulted him, have threatened future attacks, and have threatened to kill him if he continues to file grievances and lawsuits. (Docket no. 1, at 13-14). Plaintiff also alleges that he has an infection in his toe and is under imminent danger of future physical injury including amputation of his toes, feet, or legs as a complication of his Type II diabetes due to the Defendants' ongoing persistence in denying him proper fitting athletic shoes, specifically New Balance Shoes, which he claims he is entitled to receive by virtue of a doctor's order. (Docket no. 1, at 15).

Past injuries and verbal threats are insufficient to establish imminent danger under 28 U.S.C. § 1915(g). *Abdul-Akbar v. McKelvie*, 239 F.3d at 313. At the time the Plaintiff filed his complaint and sought to proceed *in forma pauperis* he was imprisoned at St. Louis Correctional Facility, allegedly had sores on his feet with bleeding and infection, and was under the care of Defendants Davis and Souder, whom he claims were interfering with doctor's orders and were denying him proper fitting athletic shoes. Shortly after his complaint was filed, Plaintiff was transferred to Oaks Correctional Facility in Manistee, Michigan. Consequently, Plaintiff no longer receives treatment from the Defendants and any danger that the Defendants may have posed to the Plaintiff as a result of their alleged ongoing interference with doctor's orders no longer exists. *See Hawthorne v. Caruso*, No. 06-cv-14011, 2007 WL 2710106, at *2 (E.D. Mich. Sept. 13, 2007) (finding that Plaintiff was not under imminent danger of serious physical injury because he was transferred to a

4

different facility after the complaint was filed).

Accordingly, this Court recommends that Defendants' Motion to Revoke *in forma pauperis* Status be granted and Plaintiff's action be dismissed without prejudice to Plaintiff refiling the action upon payment of the applicable filing fee. *Peoples v. Gilbert*, No. 01CV72895, 2001 WL 1219070, at *2 (E.D. Mich. Sept. 14, 2001). In light of the above recommendation, this Court also recommends that Defendants McCauley and Davis's Motion for Summary Judgment (docket no. 14), Defendant Souder's Motion for Summary Judgment (docket no. 24), and Plaintiff's Motion for Summary Judgment (docket no. 25) be denied as moot without prejudice to the motions being reconsidered should the above recommendation not be adopted.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later

than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 9, 2010         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon L. Tucker and Counsel of Record on this date.

Dated: April 9, 2010         s/ Lisa C. Bartlett
                             Case Manager