UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. TUCKER,

                Plaintiff,

                                              Case No. 09-12757
v.                                              Honorable David M. Lawson
                                              Magistrate Judge Mona K. Majzoub
SUSAN McCAULEY, N. SOUDER, and
JUDY DAVIS,

                Defendants.
_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS'
MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION,
DENYING LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES AND
COSTS, AND DIRECTING THE PLAINTIFF TO PAY THE FILING FEE**

      The plaintiff, L. Tucker, a state prisoner currently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* civil rights complaint alleging violations of the Americans with Disabilities Act and the Eighth Amendment to the United States Constitution against certain medical staff in the prison. The plaintiff was granted leave to proceed without prepayment of the filing fee. On January 20, 2010, the defendants filed a motion to revoke the plaintiff's *in forma pauperis* status on the ground that he had filed more than three frivolous lawsuits.

      Presently before the Court is a report issued on April 9, 2010 by Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b), recommending that the Court revoke the plaintiff's *in forma pauperis* status and dismiss the complaint without prejudice under 28 U.S.C. § 1915(g) because the plaintiff has filed more than three frivolous lawsuits. The plaintiff filed timely and lengthy objections, arguing that the Court should permit his action to proceed and not revoke his *in forma pauperis* status. Having reviewed *de novo* the plaintiff's history of frivolous lawsuits and the

record in this matter, the Court concludes that the plaintiff falls within the restrictions established by 28 U.S.C. § 1915(g) and may not proceed without prepayment of the filing fee for this action. Therefore, leave to proceed without prepayment of fees and costs will be revoked. However, the plaintiff must have an opportunity to pay the filing fee before the complaint may be dismissed. He will have twenty-eight days to do so. If he does not, the complaint will be dismissed without prejudice.

I.

In his complaint, the plaintiff alleges that the defendants improperly denied him athletic shoes for which he was prescribed for his diabetes and did so in retaliation for his threat to file grievances. The plaintiff claims that these shoes are necessary and that he risks a serious infection necessitating amputation without them. He seeks compensatory damages in the amount of $50,000, punitive damages, an injunction requiring the defendants to grant him shoes, and a declaratory judgment that the defendants violated his rights.

II.

A preliminary issue is whether the plaintiff may proceed without prepayment of the entire filing fee for this action. According to the record and docket sheets in the various courts, at the time the plaintiff filed the present action, he previously had filed more than three complaints that have been dismissed as frivolous or for failure to state a claim. *See, e.g.*, *Tucker v. Chapin*, No. 94-100, slip op. (W.D. Mich. June 30, 1994); *Tucker v. Kinney*, No. 94-101, slip op. (W.D. Mich. June 30, 1994); *Tucker v. Hembree*, No. 94-105 (W.D. Mich. July 15, 1994); *Percival v. Williams*, No. 00-849 (W.D. Mich. Nov. 29, 2000). In addition, the plaintiff has been denied leave to proceed *in forma pauperis* because he had filed at least three frivolous claims in several cases. *ir v. Smith*, No.

06-94, 2006 WL 1155479 (W.D. Mich. Apr. 26, 2006); *Tucker v. Bergh*, No. 06-73, 2006 WL 1008985 (W.D. Mich. Apr. 14, 2006); *Tucker v. Buskirk*, No. 09-13245, 2009 WL 2777798 (E.D. Mich. Aug. 28, 2009). The plaintiff even admits in his complaint that he has filed many lawsuits over his thirty-four years in prison. Compl. at 2 & 13. Consequently, under the "three strikes" provision of the Prison Litigation Reform Act of 1995, the plaintiff may not proceed without prepayment of the filing fee and costs for this action unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

The events giving rise to the plaintiff's complaint – the denial of athletic shoes – do not pose a threat of imminent danger of serious physical injury. The plaintiff argues that he is the subject of threats of violence from prison staff that were made to compel him to stop filing grievances and that he has developed an infection in his toe that may require amputation in the future. The potential threat of amputation of a limb in the future only if other untoward circumstances occur subsequently is not sufficient to meet the threshold of "imminent danger." This Court has no evidence that an infection will require amputation, or that an infection is "imminent." The plaintiff's allegations of threats from guards all arise from his time at the St. Louis Correctional Facility in St. Louis, Michigan. The plaintiff has been transferred to the Oaks Correctional Facility in Manistee, Michigan, which removed him from the possibility of imminent threat posed by guards in the St. Louis facility. "[A] prisoner's assertion that he or she faced danger in the past is insufficient to invoke the [imminent danger] exception [of § 1915(g).]" *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). The plaintiff's complaint includes no allegations of threats by Oaks Correctional Facility staff to support a claim of imminent threat of

harm in his new facility. The plaintiff has failed to demonstrate any other reason why the Court should find that he is in "imminent danger of serious physical injury." *Ibid.* Therefore, he cannot proceed with this action unless he pays the entire filing fee. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).

The magistrate judge has recommended that the plaintiff's complaint be dismissed without prejudice for failure to pay the filing fee. However, the plaintiff initially was granted pauper status, which justifies his not paying the entire filing fee presently. When denying an application to proceed *in forma pauperis*, the Court generally grants the plaintiff the opportunity to pay the entire filing fee before to dismissing the action. *See, e.g., Brittenham v. Fullerton*, No. 10-123345, slip. op. at 2-3 (E.D. Mich. July 12, 2010). The Court sees no reason to deny the plaintiff the same opportunity after revoking his pauper status. Therefore, the Court will adopt the magistrate judge's recommendation that the defendants' motion to revoke the plaintiff's pauper status be granted and reject the magistrate judge's recommendation that the plaintiff's complaint be dismissed with prejudice and the defendants motions for summary judgment be denied as moot.

III.

Because the plaintiff has filed more than three frivolous lawsuits and cannot show that he is in imminent danger of serious physical injury, the Court will vacate the order permitting the plaintiff to proceed *in forma pauperis* and order the plaintiff to pay the entire filing fee prior to proceeding further with his action.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #30] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the defendants' motion to revoke the plaintiff's *in forma pauperis* status [dkt. #28] is **GRANTED**.

It is further **ORDERED** that the order granting the plaintiff's application to proceed without prepayment of fees [dkt. #3] is **VACATED**.

It is further **ORDERED** that the plaintiff's application for leave to proceed without prepayment of the fees and costs for this action [dkt. #2] is **DENIED**.

It is further **ORDERED** that the plaintiff shall tender to the Clerk of the Court the entire filing fee of $350.00 **on or before August 20, 2010**. If he fails to do so, his complaint will be dismissed without prejudice.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated: July 20, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2010.

                              s/Teresa Scott-Feijoo
                              TERESA SCOTT-FEIJOO